THE CAVANAGH LAW FIRM
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

William M. Demlong, Esq. (NV SBN 7674)
wdemlong@cavanaghlaw.com
Tel:  (602) 322-4000
Fax: (602) 322-4100

Pamela A. McKay, Esq. (NV SB7812)
pmckay@mckaylawfirmchtd.com
McKay Law Firm Chtd.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128
Tel:  (702) 835-6956
Fax: (702) 835-6957

*Attorneys for Plaintiff*
*Great West Casualty Company*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| Great West Casualty Company,<br><br>               Plaintiff,<br><br>vs.<br><br>JAA Truck, LLC; Martin Lange,<br><br>            Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Great West Casualty Company ("Great West"), pursuant to the Federal Declaratory Judgment Act, for its Complaint for Declaratory Judgment against the Defendants alleges as follows:

**PARTIES AND JURISDICTION**

1.     Plaintiff Great West is a Nebraska corporation with its principal place of business in the State of Nebraska and therefore is a citizen of the State of Nebraska.  Great West is an insurance company

authorized to transact insurance in the State of Nevada.

2.      Defendant JAA Truck, LLC ("JAA Truck") is a limited liability company formed under the laws of Nevada with its principal place of business in Clark County, Nevada.

3.      Martin Lange is an employee of JAA Truck and, upon information and belief, may be a resident of the State of Illinois.

4.      Based on the foregoing, there is complete diversity of citizenship between Plaintiff and Defendants pursuant to 28 U.S.C. § 1332.

5.      JAA Truck and Lange have allegedly caused events to occur in the State of Indiana out of which this action arises which related to interstate motor carrier operations originating from Clark County, State of Nevada.

6.      The declaratory relief sought by Great West involves a Nevada issued commercial insurance policy which was delivered in Nevada to JAA Trucking which maintains its principal place of business in Clark County, Nevada.

7.      The amount in controversy exceeds the minimum jurisdiction of the Court pursuant to 28 U.S.C. § 1332 as the amount in controversy and venue in this Court is proper pursuant to 28 U.S.C. § 1391.

8.      The action is brought pursuant to the Federal Declaratory Judgment Act 28 U.S. § 2201 *et. seq*.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.      Great West incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

10.     Lange is an employee of JAA Truck and was hired pursuant to an Employment Agreement to operate a tractor registered in the State of Nevada for Nevada based motor carrier JAA Truck.

11.     Upon information and belief, Lange does not maintain U.S. DOT authority and was operating under authority issued to JAA Truck.

12.     On May 16, 2023, Lange was involved in a single vehicle tractor-trailer accident which he alleges caused him personal injuries.

13.     Lange alleges that JAA Truck negligently maintained the tractor which caused in whole, or in part, the accident.

14.     On or about February 28, 2024, Lange demanded JAA Truck pay him an amount in excess of $75,000 to resolve his injury claims.

15.     JAA Truck is a registered motor carrier assigned U.S. DOT number #3123409 and maintained active common carrier authority at the time of the accident.

16.     Great West issued Commercial Lines Policy No.  MCP70470C to JAA Truck with an effective coverage period of April 23, 2023 to June 6, 20223 (the "Policy")(attached hereto as Exhibit 1).

17.     The Policy contains Nevada forms and was issued to JAA Truck to provide liability coverage for its interstate motor carrier operations.

18.     The Policy provides a $1,000,000 per accident liability limit to JAA Truck subject to all applicable provisions, restrictions, exclusions and limitations.

19.     Pertinent Great West Policy provisions include but are not limited to:

**COMMERCIAL AUTO COVERAGE PART**
**MOTOR CARRIER COVERAGE FORM**
\*     \*     \*
**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A.     COVERAGE**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

…

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. …

3

…

        \*        \*        \*

**B.**     **EXCLUSIONS**

This insurance does not apply to any of the following:

…

3.     **WORKERS COMPENSATION AND SIMILAR LAWS**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4.     **EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY**

"Bodily injury" to:

    a.     An "employee" of the "insured" arising out of and in the course of:

        (1)    Employment by the "insured"; or

        (2)    Performing the duties related to the conduct of the "insured's" business; or

    b.     The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

        (1)    Whether the "insured" may be liable as an employer or in any other capacity; and

        (2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

For this exclusion only, "employee' does not include a "leased worker" or a "temporary worker".

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

        .       .       .

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A**

1.     **BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We have the right and duty to defend any insured against "suit" asking for such damages.  However, we have no duty to defend any insured against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.   We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result… .

b.     This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

…

**2.     EXCLUSIONS**

. . .

d.     **WORKERS COMPENSATION AND SIMILAR LAWS**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

e.     **EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY**

"Bodily injury" to:

(1)    An "employee" of the insured arising out of and in the course of:

(a)      Employment by the insured; or

(b)      Performing duties related to the conduct of the insured's business; or

(2)     The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1)    Whether the insured may be liable as an employer or in any other capacity; and

(2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

For this exclusion only, "employee" does not include a "leased worker" or a "temporary worker".

This exclusion does not apply to liability assumed by the insured under an "insured contract".

.     .     .

**g.** **AIRCRAFT, AUTO OR WATERCRAFT**
. . .
(2)  Aircraft (other Than Unmanned Aircraft), Auto or Watercraft "Bodily injury" or "property damage" arising out of the ownership, maintenance, use, or entrustment to others of any:

(a)  "auto"; or
(b)  Aircraft (other than "unmanned aircraft); or watercraft owned or operated by or rented, leased or loaned to any insured.

Use includes operation and "loading or unloading"

This paragraph g.(2) exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence' which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft (other than "unmanned aircraft"), "auto" or watercraft that is owned or operated by or rented, leased or loaned to any insured.

\*        \*        \*

20.     Great West has no duty to defend or indemnify JAA Truck for the claims asserted by Lange under the Policy's commercial auto coverage form because coverage is excluded pursuant to the workers compensation (Exclusion 3) and employers liability (Exclusion 4).

21.     Great West has no duty to defend or indemnify JAA Truck under the commercial general liability coverage form because of the "auto" exclusion (Exclusion g), workers compensation (Exclusion d), and employers liability (Exclusion e).

22.     Great West reserves to the right to assert other coverage grounds to establish it has no duty to defend or indemnify JAA Truck as this matter progresses.

WHEREFORE, Great West Casualty Company respectfully asks this Court to enter judgment against Defendants JAA Truck and Lange as follows:

A.     Declaring that the Great West Policy does not provide coverage for any claims Lange has or could assert against JAA Truck or Great West;

B.     Declaring that Great West has no obligation to defend JAA Truck against any claims that could or have been made against JAA Truck by Lange.

C.    Declaring that Great West has no obligation to indemnify Lange against any claims that could or have been made against JAA Truck by Lange;

D.    Declaring that Great West has no duty to indemnify JAA Truck for any judgment or settlement, or any portion of any judgment or settlement, entered or reached that is not covered under the Policy's insuring clause or excluded or limited by policy exclusions, exceptions, or endorsements thereto;

E.    For an award of its taxable costs; and

F.    Awarding such other relief as the Court deems just and equitable.

DATED this 13th day of August, 2024.

**THE CAVANAGH LAW FIRM, P.A.**

By:  _____s/William M. Demlong_____
        William M. Demlong
        1850 North Central Avenue, Suite 1900
        Phoenix, Arizona 85004

        Pamela A. McKay
        McKay Law Firm Chtd.
        8440 West Lake Mead Blvd., Suite 112
        Las Vegas, NV 89128

        *Attorneys for Plaintiff Great West*

7

**CERTIFICATE OF SERVICE**

*Great West Casualty Company v. JAA Truck et al.*
*United States District Court Southern District of Nevada*

I hereby certify that the foregoing document was filed through the court's CM/ECF system which will generate and send an NEF and hyperlink to the document to all registered users in this case.

By:    s/William M. Demlong
          William M. Demlong, Esq.