1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

* * *

7

GREAT WEST CASUALTY COMPANY,

Case No. 2:24-cv-01483-RFB-MDC

8

Plaintiff,

**ORDER**

9

v.

10

JAA TRUCK, LLC; MARTIN LANGE,

11

Defendants.

12
13
14

Before the Court is Plaintiff Great West Casualty Company's motion for Entry of Default Judgment. ECF No. 14. For the following reasons, the Court grants the Motion for Default Judgment and enters judgment in favor of the Plaintiff against Defendants JAA Truck, LLC. and Martin Lange.

15
16
17
18

### I.    PROCEDURAL HISTORY

19

On August 13, 2024, Plaintiff filed a complaint against Defendants. ECF No. 1. By September 25, 2024, Defendants were served. ECF Nos. 10, 11. On November 21, 2024, Plaintiff filed a Motion for Entry of Clerk's Default as to both defendant JAA Truck, LLC and Martin Lange. ECF No. 12. On January 6, 2025, Plaintiff filed the instant motion for Entry of Default Judgment. ECF No. 14.

20
21
22
23
24

The Court's Order follows.

25

### II.    FACTUAL ALLEGATIONS / BACKGROUND

26

Plaintiff alleges the following. Plaintiff Great West Casualty Company ("Great West") is an insurance company that is a citizen of Nebraska authorized to sell insurance in the State of Nevada. Defendant JAA Truck, LLC ("JAA Truck") is a is a limited liability company formed

27
28

under the laws of Nevada with its principal place of business in Clark County Nevada. Great West issued commercial line policy number MCP70470C ("the Policy") to JAA Truck with an effective coverage period from April 23, 2023 – June 6, 2023. The Policy contained NV forms and was issued to JAA Truck to provide liability coverage for its interstate motor carrier operations. The Policy provided a $1,000,000 per accident liability limit to JAA Truck subject to all applicable provisions, restrictions, exclusions and limitations.

Defendant Martin Lange is an employee of JAA Truck that was hired to operate a tractor-trailer registered in the state of Nevada for JAA Truck. On May 16, 2023, Mr. Lange was involved in a single vehicle tractor-trailer accident ("the Accident") which he alleges caused him personal injuries. The Accident occurred in the State of Indiana and involved motor carrier operations originating from Clark County, Nevada. Mr. Lange alleges JAA Truck negligently maintained the tractor which caused in whole, or part the accident. In February 2024, Mr. Lange demanded JAA Truck pay him an amount of excess of $75,000 to resolve his personal injury claims.

### III.    LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847,

854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. <u>Geddes v. United Financial Group</u>, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. <u>Id.</u>

## IV.    DISCUSSION

### A.  Jurisdiction and Service of Process

Before entering default judgment against a non-appearing party, district courts have a duty to consider subject matter jurisdiction and personal jurisdiction. <u>In re Tuli</u>, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

Great West brings this action in federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, which allows federal courts to hear claims arising under state law if the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. Here, the allegations in the complaint which are deemed to be true by virtue of the Defendants default, establish that these requirements are met. Therefore, the Court has subject matter jurisdiction over the claims asserted by Great West. In this instance, the Plaintiff administered the Policy in Nevada and JAA Truck is a limited liability company formed under the laws of Nevada and domiciled in the state of Nevada. Accordingly, the Court concludes it may properly exercise personal jurisdiction over JAA Truck.

Courts must also determine whether there was sufficient service of process on the parties against whom default judgment is requested. <u>See Mason v. Genisco Tech. Corp.</u>, 960 F.2d 849, 851 (9th Cir. 1992). In this case, the Court finds Defendant was adequately served under Rule 4 of the Federal Rules of Civil Procedure.

### B.  Plaintiff Has Satisfied the Procedural Requirements

First, Plaintiff has satisfied the procedural requirements for a default judgment against Defendants. The Clerk of Court entered default against Defendants on December 9, 2024. <u>See</u> ECF No. 13. Plaintiff's Motion for Default Judgment states that the Defendants are not infants, minors, or otherwise incompetent persons, and that the Servicemembers Civil Relief Act does not apply.

1  Additionally, notice under Rule 55(b)(2) is excused because Defendant has not appeared. <u>See</u>

2  <u>Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.</u>, 375 F.3d 922, 928 (9th Cir. 2004)

3  (holding there was no appearance where the defendant did not file a motion with the court.)

4  Accordingly, Plaintiff has complied with Local Rule 55-1's procedural requirements for obtaining

5  a default judgment against Defendants.

6      **C. The Eitel Factors Favor Entering Default Judgment**

7      Next, the Court considers each <u>Eitel</u> factor and finds that granting default judgment against

8  Defendants is appropriate in this case.

9      To begin, the Court finds the first factor favors default judgment because Defendants have

10 declined to defend this action. Defendants failed to answer the Complaint, filed almost a year ago,

11 and failed to respond to Plaintiff's Motion for Default Judgment, filed over eight months ago.

12 Because Defendants have failed to appear, Plaintiff is unable to litigate the merits of their claims.

13     Next, the Court examines the merits of the substantive claims and sufficiency of the

14 Complaint and finds that the second and third <u>Eitel</u> factors favor judgment for Plaintiff.

15     The Supreme Court of Nevada has held that when contract provisions are

16 unambiguous, they should be interpreted according to their plain language. <u>Farmers Ins. Group v.</u>

17 <u>Stonik</u>, 110 Nev. 64, 67. Furthermore, the Court has held that in instances where contracts contain

18 exclusionary provisions that intentionally and unambiguously limit the obligation of the insurer,

19 additional obligations should not be ascribed by the courts. <u>Id.</u>

20     In the Complaint, Plaintiff asserts that the Policy JAA Truck maintained for the tractor-

21 trailer Mr. Lange was operating at the time of the Accident explicitly excluded coverage for any

22 obligation of the insured under workers' compensation, disability benefits or unemployment

23 compensation law. Additionally, the Policy excluded coverage of any bodily injury to employees

24 of the insured arising out of and in the course of employment by the insured or performing duties

25 related to the conduct of the insured's business. Plaintiff's Complaint presented sufficient evidence

26 that the exclusionary clauses in the Policy were not ambiguous and thus should be interpreted by

27 their plain language. <u>Farmers Ins. Group v. Stonik</u>, 110 Nev. 64, 67. Accordingly, the Court finds

28 that the second and third <u>Eitel</u> factors weigh in favor of granting default judgment.

Next, the Court considers the fourth <u>Eitel</u> factor, the amount of money at stake. Plaintiff requests a default judgment affirming that the Policies $1,000,000 accident liability limit does not provide coverage for any claims that Mr. Lange has or could assert against JAA Truck, or Great West. Plaintiff provides sufficient evidence demonstrating that the Policy does not apply to bodily injuries sustained by JAA Truck employees like Mr. Lange. Accordingly, the Court finds that the fourth factor weighs in favor of granting default judgment.

The Court finds that the fifth and sixth Eitel factors favor Plaintiff. Because Defendants have failed to plead or otherwise defend in this action, the Court accepts the well-pleaded facts in the Complaint as true. <u>See</u> <u>TeleVideo Sys. v. Heidenthal</u>, 826 F.2D 915, 917-18 (9th Cir. 1987). As discussed above, Plaintiff has adequately alleged that the Policy unambiguously excludes coverage of any bodily injury to employees of the insured arising out of and in the course of employment by the insured or performing duties related to the conduct of the insured's business. Because Defendant has failed to oppose the motion, no factual disputes exist that would preclude the entry of default judgment. The Sixth factor favors entry of default judgment when the defendant has been properly served, or the plaintiff shows that the defendant is aware of the lawsuit and has failed to answer. <u>Meadows v. Dominican Republic</u>, 817 F.2d 517, 521 (9th Cir. 1987). Plaintiff properly served Defendants with the Complaint.

Finally, the seventh factor requires the Court to account for the strong policy of favoring decisions on the merits. Here, Defendants' failure to appear or respond suggests that a decision on the merits is not a possibility. Furthermore, under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed when a defendant fails to defend an action.

In conclusion, the Court finds <u>Eitel</u> factors one, two, three, four, five, and six weigh in favor of an entry of default judgment and factor seven is not dispositive to the contrary. Accordingly, because the <u>Eitel</u> factors favor an entry of default judgment, the Court grants the motion.

### D.  Plaintiff's Requested Relief

Once liability is established by default judgment, the plaintiff must establish that the requested relief is appropriate. <u>See</u> <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977).

Plaintiff seeks an order affirming that the Policy does not provide coverage for any claims that Mr. Lange has or could assert against JAA Truck, or Great West. Furthermore, Plaintiff seeks an order affirming that Great West has no duty to indemnify JAA Truck for any judgment or settlement, or portion thereof entered or reached that is not covered under the insuring clause of the Policy. The Nevada Supreme Court has held that exclusions in automobile insurance policies are valid if they are clear and unambiguous. <u>Vitale v. Jefferson Ins. Co</u>., 116 Nev. 590, 595. In this instance, the Court finds that the Policy is unambiguous and clearly states that coverage is not provided for any claim that could be brought by Mr. Lange. The Court further finds that per the Policy Great West is only responsible for indemnifying JAA Truck for judgments or settlements reached that are covered under the insuring clause. Accordingly, the Court awards Plaintiff their requested relief.

## V.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is instructed to enter judgment in favor of Plaintiff against Defendants JAA Truck, LLC. and Martin Lange.

**DATED:** September 26, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**